CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

FEB 27 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HARRY LEE ALSTON, JR., <br> Petitioner, | Civil Action No. 7:07CV00434 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON, <br> Respondent. | By: Hon. Glen E. Conrad <br> United States District Judge |

Harry Lee Alston, Jr., a Virginia Department of Corrections inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Alston challenges the validity of his convictions for robbery and attempted robbery in the Circuit Court of Alleghany County by alleging ineffective assistance of counsel and lack of jurisdiction. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## I. Factual and Procedural Background

In July of 2003, Alston was indicted for robbery, in violation of Virginia Code § 18.2-58. The evidence presented at Alston's October 24, 2003 bench trial indicated that on May 1, 2003, Marsha Griffith was working as a cashier at the Monroe Street Pilot Service Station in Covington, Virginia. Griffith testified that Alston approached her at the cash register and requested a package of crackers. Griffith directed Alston to the correct display case and, when Alston returned with the crackers, he offered a dollar to Griffith as payment. When Griffith opened the cash register, Alston placed his right hand in the cash drawer and grabbed an unspecified amount of money. Griffith attempted to prevent Alston from removing the money by placing her hand on top of his and trying

1

to push the cash drawer closed. Alston subsequently slapped her on the knuckles with his left hand and successfully removed the money. Alston then turned, thanked Griffith, and ran out through the door. At the conclusion of the bench trial, Alston was convicted of robbery, in violation of Va. Code Ann. 18.2-58 (Circuit Court Case No. CR03-00121).

In January of 2004, events separate and unrelated to the robbery on May 1, 2003, led to Alston's indictment for attempted robbery in violation of Virginia Code §§ 18.2-58 and 18.2-26. On February 25, 2004, Alston pleaded guilty to the attempted robbery (Circuit Court Case No. CR03-00214). At that proceeding, Alston testified that he suffered from a severe addiction to crack cocaine and to the following facts upon which the February 25, 2004, conviction was based. Alston explained that on October 5, 2003, while he was free on bond related to the aforementioned robbery charge arising out of the events of May 1, 2003, Alston attempted to gain money to support this addiction by mowing an acquaintance's yard. Alston did not have a lawn mower but noticed a man mowing a neighbor's yard and requested to use that mower. The man, David Callaghan, agreed but informed Alston that he needed to finish his job before he would lend the mower to Alston. Alston left the area but returned approximately fifteen minutes later and observed Callaghan loading the mower on to his truck. Alston then observed money grasped in Callaghan's hand. Alston attempted to grab the money but was unsuccessful and subsequently ran away.

By final order entered March 3, 2004, Alston was sentenced to a term of twenty years incarceration for the robbery conviction, with sixteen years suspended, and ten years incarceration for the attempted robbery conviction, with six years suspended.

Alston's appeal to the Court of Appeals of Virginia was refused by a single judge of that Court on September 1, 2004. Alston then filed a habeas corpus petition in the Circuit Court of

Alleghany County alleging that he had been denied his right to appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. Alston obtained a delayed appeal on November 15, 2005. The Supreme Court of Virginia subsequently denied his petition for appeal by order dated August 28, 2006. Alston subsequently filed a habeas corpus petition in the Supreme Court of Virginia on January 31, 2007, raising various claims of ineffective assistance. On June 26, 2007, the Supreme Court of Virginia entered a detailed opinion addressing Alston's claims, <u>Harry Lee Alston, Jr. v. Director of the Department of Corrections</u>, No. 070244, slip op. (Va. June 26, 2007), and dismissed the petition.

On September 11, 2007, Alston filed the instant § 2254 petition. On December 21, 2007, respondent filed a motion to dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases. The court notified Alston of respondent's motion as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment might be granted for respondent if he did not respond to the motion by filing affidavits or other documents contradicting respondent's evidence or otherwise explaining his claims. Twenty days have passed and Alston has not responded, thus making the underlying matter ripe for disposition. Upon careful review of the extensive state court records, as well as the pleadings and exhibits submitted by the parties, the court concludes that respondent's motion to dismiss must be granted.

## II. Current Claims

Alston alleges in his § 2254 petition that: (A) appellate counsel was ineffective in failing to adequately develop an argument in his brief regarding the sufficiency of the evidence to support the robbery conviction; and (B) the Circuit Court of Alleghany County lacked subject matter jurisdiction

3

to adjudicate his charge of attempted robbery.[1]

## III. Analysis

Respondent admits that Alston properly exhausted his state court remedies as to his claims. Therefore, this court must address these claims under the standards set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Section 2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v. True, 403 F.3d 171 (4th Cir. 2005), cert. denied, 126 S. Ct. 400 (2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to

---

[1] Alston further requests an evidentiary hearing to resolve these claims.

4

the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams Court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves).

In addition, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Osmint, 350 F.3d 433, 439 (4th Cir. 2003). When reviewing the sufficiency of the evidence on a federal habeas petition, "the critical inquiry . . . must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). In determining whether the Supreme Court of Virginia reasonably applied these principles, this court must determine whether the decision is minimally consistent with the record. Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000).

Case 7:07-cv-00434-GEC-mfu   Document 15   Filed 02/27/08   Page 5 of 11   Pageid#: 77

## A.

### Robbery Conviction

Alston first alleges that the evidence presented at his trial was "insufficient to sustain a conviction for robbery" and that counsel failed to adequately address such a claim on appeal. (Pet. at 2.) Alston complains that counsel simply made a conclusory argument that the evidence was insufficient and directed the Court of Appeals of Virginia to view the portion of the transcript concerning the insufficiency of the evidence argument made during the trial. Alston contends that the Court of Appeals of Virginia's "sole reason for refusing to address this ground was counsel's failure to fully develop this argument in the petition for appeal." (Pet. at 10.) Alston claims that, had counsel competently developed the claim in his brief, the Court would have considered the claim and there is a reasonable probability that the appeal would have been granted.

The Supreme Court of Virginia, upon consideration of Alston's habeas petition, specifically addressed this claim noting:

> [C]laim (a) fails to satisfy the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that petitioner did use force to effectuate the robbery when he slapped the victim on the hand to complete the taking of money from the cash register. The argument petitioner raises is identical to that rejected by this Court in Commonwealth v. Jones, 267 Va. 284, 591 S.E.2d 68 (2004) (violence to retain custody of goods from one who has constructive possession is robbery). Thus, petitioner has failed to demonstrate that there is a reasonable probability that, had counsel properly asserted this argument, the result of the proceeding would have been different.

(Slip op. at 3.)

Alston essentially requests that this court determine that the state habeas court misapplied

state law in determining that he used force to complete the removal of the money from the cash register. However, a federal court sitting in habeas review may not reexamine a determination based only on application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (highest state court's determination of state law question is binding on federal reviewing court). It is settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76, (2005) (per curiam) (citing Estelle, 502 U.S. at 67-68). Clearly, the Virginia Supreme Court's refusal to issue Alston's writ rested squarely on state jurisprudence. Thus, this court may not reexamine that determination and is bound by the Supreme Court of Virginia's interpretation of state law.

Regardless, to the extent that Alston's claims may be construed to assert federal constitutional issues, the court finds that they have no merit. To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If it is clear that a petitioner has not satisfied one prong of this Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

To determine whether Alston's counsel was ineffective for failing to properly raise the

7

sufficiency of the evidence claim on appeal, the court must determine whether there was a reasonable probability that the Court of Appeals of Virginia would have held, had the question been properly presented to it, that no rational trier of fact could have found Alston guilty beyond a reasonable doubt on the evidence adduced at trial. See Jackson, 443 U.S. 318-19. Having reviewed the record, the court finds that there is sufficient evidence to prove Alston guilty of robbery[2] beyond a reasonable doubt. The victim of the crime testified that, subsequent to a struggle, Alston struck her hand in order to remove the money from the cash register. Alston presented no evidence to the contrary. Regardless of whether or not the victim was injured, Alston clearly used force and violence to obtain the money. Thus, based upon the record evidence, this court concludes that a rational trier of fact could have found proof of guilt beyond a reasonable doubt, and Alston fails to prove that there is a reasonable probability that his appeal would have been granted absent counsel's allegedly deficient argument. Accordingly, this court cannot find that the state habeas court's disposition of this claim was contrary to, or an unreasonable application of, federal law or was based on an unreasonable determination of facts. Therefore, the court will grant the motion to dismiss as to this claim.

## B.

### Attempted Robbery Conviction

Alston next claims that his conviction for attempted robbery is void as the trial court did not have jurisdiction to impose a judgment. Specifically, Alston alleges that the February 25, 2004 sentencing transcript reveals an absence of evidence proving that the attempted robbery offense

---

[2] Virginia Code § 18.2-58 states: If any person commit robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony and shall be punished by confinement in a state correctional facility for life or any term not less than five years.

8

charged in the indictment occurred in the Commonwealth of Virginia. Accordingly, Alston alleges that his conviction should be declared "void ab initio." (Pet. at 3.)

The Supreme Court of Virginia, upon consideration of Alston's habeas petition, specifically addressed this claim:

> In claim (b), petitioner alleges that his conviction for attempted robbery is void ab initio. Due to an equipment malfunction, the record of petitioner's guilty plea could not be transcribed. He contends that the trial court did not have jurisdiction because the transcript of his February 25, 2004 sentencing hearing fails to prove that the offense charged in the indictment occurred in Virginia.
>
> The Court holds that claim (b) is without merit. The record, including the transcript of petitioner's sentencing hearing, demonstrates that the trial court had jurisdiction. At the hearing, the court repeated the plea colloquy with petitioner prior to sentencing. Petitioner acknowledged on the record that he had previously pled guilty to the charge in the indictment, which charged him with attempted robbery committed "in the City of Covington, a city of the second class located with Alleghany County, Virginia." Petitioner affirmed for the court that his plea was unchanged and that he was in fact guilty of the offense.

(Slip op. at 4.)

This court agrees with the state habeas court's determination. The record reveals that, due to a recording equipment malfunction, Alston's February 6, 2004 guilty plea hearing was inaudible to the transcriber. However, the trial court repeated the plea colloquy at Alston's February 25, 2005 sentencing hearing. Specifically, the court asked Alston whether he had been charged in the indictment[3] before the court, whether he fully understood the charges, and whether he was entering the plea of guilty freely and voluntarily. Alston answered in the affirmative as to each question. The court further noted that Alston had "plea[ded] guilty previous to this point" and questioned Alston

---

[3] The state habeas court correctly noted that the indictment charged Alston with attempted robbery in the city of Covington located within Alleghany County, Virginia.

9

as to whether that was still his plea. (Transcript of Sentencing Hearing at 26, <u>Alston</u>, No. CR03-00121, No. CR03-00214.) Alston confirmed with the court that he again wished to plead guilty. Moreover, Alston answered in the affirmative when his counsel asked at the sentencing hearing: "And the second attempted robbery, that was in Covington as well . . . correct?" (Transcript of Sentencing Hearing at 30, <u>Alston</u>, No. CR03-00121, No. CR03-00214.) Alston also testified, "I was there, on the same street, Walnut Street, here in Covington . . . and I saw some money sticking out [of] his hand and I tried to grab it." (Transcript of Sentencing Hearing at 30-31, <u>Alston</u>, No. CR03-00121, No. CR03-00214.) Finally, Alston fails to even allege, much less prove, that such jurisdictional evidence was not established at the February 6, 2004 guilty plea hearing or that the attempted robbery did not occur in the Commonwealth of Virginia. Accordingly, this court cannot find that the state <u>habeas</u> court's disposition of this claim was contrary to, or an unreasonable application of, federal law or was based on an unreasonable determination of facts. Therefore, the court will grant the motion to dismiss as to this claim.[4]

## IV. Conclusion

The court finds that Alston cannot demonstrate that the Supreme Court of Virginia's rejection of his claims was contrary to clearly established principles, involved an objectively unreasonable application of federal law, or was based on an unreasonable determination of the facts.

---

[4] The court further notes that, under Virginia law, subject matter jurisdiction must affirmatively appear on the face of the record. See <u>Owusu v. Commonwealth</u>, 401 S.E.2d 431, 432 (Va. App. 1991). In <u>Owusu</u>, the Court found that subject matter jurisdiction over a robbery and use of a firearm in commission of the robbery was not established as the record did not contain a street address, town, or locality with respect to location of the offenses. The record in this case clearly contains several references to the town of Covington. Regardless, such a determination is a matter of interpretation of state law and, as this court has already noted, it is bound by the state <u>habeas</u> court's determination concerning this issue. See <u>Estelle</u>, 502 U.S. at 67-68.

10

The Supreme Court of Virginia's ruling, which is consistent with the evidence contained in the record, is entitled to deference under § 2254. Accordingly, the court finds that Alston is not entitled to § 2254 relief. Respondent's motion to dismiss will be granted and an appropriate Order issued this day.

The court further notes that a habeas petitioner is "entitled to an evidentiary hearing only to resolve disputed issues of material fact," and therefore, will not warrant a hearing unless he first presents "a colorable claim to relief by showing that the alleged additional facts, if true, would at least arguably compel the granting of the writ." Poyner v. Murray, 964 F.2d 1404, 1422 (4th Cir. 1992). Therefore, as this court has already determined that Alston fails to present any colorable claims, his motion for an evidentiary hearing will be denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 27th day of February, 2008.

_____
United States District Judge